

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Dan W. Jackson
District Attorney
Houston, Texas

Dear Sir:

Opinion No. O-4713
Re: Whether a parsonage
when owned by the pas-
tor individually rather
than by the religious
organization is exempt
from taxation.

We are in receipt of your letter of July 16,
1942 in which you request an opinion on the following
submitted facts:

"I have been requested by the pastor
of the Houston Gospel Tabernacle, which I
understand is affiliated with and under
the jurisdiction of a national religious
organization known as Pentecostal Church,
Inc., whose general secretary has an office
at 1312 N. 67th St., Houston, Texas, for an
opinion as to the exemption from ad valorem
taxation of the following property:

"The local pastor proposes to purchase
out of his individual funds and take title
in his individual name to property which he
will acquire and use solely as a parsonage.
The property will not be purchased by the
church nor will title be taken in the name of
the church."

". . ."

Article VIII, Section 2, of the State Constitu-
tion provides that the Legislature by general laws may
exempt from taxation "actual places of religious worship,
also any property owned by a church . . . for the exclusive
use as a dwelling place of the ministry".

By this authority the Legislature enacted Article 7150, the pertinent part of Section 1, of this exemption statute reads as follows:

"Schools and Churches. -- Public school houses and actual places of religious worship, also any property owned by a church or by a strictly religious society, for the exclusive use as a dwelling place for the ministers of such church or religious society, the books and furniture therein and the grounds attached to such buildings necessary for the proper occupancy, use and enjoyment of the same, and which yields no revenue whatever to such church or religious society; provided that such exemption as to the dwelling place for the ministers shall not extend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land. . . ."

It has always been the policy of our Courts not to favor exemptions of this type. All doubts are resolved against the exemptions and the enactments by which they are given will not be enlarged by construction, but, on the contrary, will be strictly construed. Santa Rosa Infirmary v. City of San Antonio, (Comm. of App.) 259 S. W. 926; Benevolent and Protective Order of Elks, Lodge No. 151 vs. City of Houston, (Civ. App.) 44 S. W. (2d) 930; Houston Belt and Terminal Ry. Co. vs. Clark (Civ. App.) 122 S. W. (2d) 356.

In the case of Trinity Methodist Episcopal Church v. City of San Antonio, (Civ. App.) 201 S. W. 668, decided before the amendment of Article VIII, Section 2 of the Constitution and the extension of the exemption statute to include the property owned by churches for ministers' residence by Article 7507,

Honorable Dan W. Jackson, Page 3

now Article 7150, and addition of Article 7150b;
Mr. Chief Justice Fly makes the following
statement:

        ". . . .

        "It is well settled by excellent authority
that the exemption of church property does
not include a rectory or parsonage.  St. Mark's
church v. Brunswick, 78 Ga. 541, 3 S. E. 561;
State vs. Board of Assessors, 52 La. Ann. 223,
26 South. 872; Third Cong. Soc. v. Springfield,
147 Mass. 396, 18 N. E. 68; Hennepin County vs.
Grace, 27 Minn. 603, 8 N. W. 761; Presbyterian
Church vs. New Orleans, 30 La. Ann. 259, 31
Am. Rep. 224; People vs. First Cong. Church,
232 Ill. 158, 83 N. E. 536; Broadway Church
vs. Comm., 112 Ky. 448, 66 S. W. 32.  In the
last case cited it is said:

        "'Parsonages are not exempt, although
erected on a portion of the church lot
which would otherwise be exempt, and
occupied by the minister free of rent,
if the language of the exemption only
includes places actually used for re-
ligious worship, with the grounds at-
tached thereto, and appurtenant to the
house of worship. * * *  The authori-
ties on this point seem to be unanimous.'

        "This was held under a constitutional
provision much broader than that used in the
Constitution of Texas, for the Kentucky law
exempts not only 'places used for religious
worship,' but also 'the grounds attached
thereto and used and appurtenant to the house
of worship, not exceeding one-half acre in
cities or towns and not exceeding two acres
in the country.'

Honorable Dan W. Jackson, Page 4

"The language of the Constitution must
fix the exemptions, no matter what the
language of the statute may be, and under
Section 2 of Article 8 of the Constitution
appellant has not shown itself entitled to
exemption for its parsonage as being an
'actual place of religious worship' or an
'institution of purely public charity'.
The evidence failed to show that the par-
sonage was used for a place of religious
worship, but as a home for the pastor.  It
may be that it was a necessary appurtenance
to the church, but the Constitution does
not exempt anything attached or appurtenant
to a church on the ground of necessity.
Permitting the preacher to use the building
may have been very charitable, though it
appears that the use of the house paid
a part of the salary earned by or promised
to him, and certainly it was not in the
interest of the public that he should re-
side in the parsonage."

The above quotation places a restriction
on the exemption statute which we feel certain has
been modified only by express provisions of the
amendment.  Article 7150b, providing the exemption
of minister's residence, is for "any property owned
exclusively and in fee by a church for the exclusive
use as a dwelling place for the ministry of such
church" and cannot be construed as to include a home
owned by a minister.  The fact that property might
be used for religious or educational purposes would
not bring it within the meaning of the exemption
statute.  It must be owned and used exclusively for
the purpose as provided for in the statute.  City
of Dallas v. Cochran, (Civ. App.) 166 S. W. 32;
Little Theatre of Dallas v. City of Dallas, (Civ.
App.) 124 S. W. (2d) 863; Red v. Johnson, 53 Texas
285.

As the express wording of the exemption statute includes <u>only property owned by the church,</u> a parsonage owned by the pastor could not be brought within the strict judicial interpretation of Articles 7150 and 7150b.

Trusting the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Joseph E. Jackson
Joseph E. Jackson

By Walter R. Koch
Walter R. Koch
Assistant

JEJ:MBR

APPROVED AUG 28, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN